■ EMMA R. FIORINI et al., Appellants-Respondents, v. CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant.

CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v. MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Third-Party Defendant-Appellant.— Order, Supreme Court, Bronx County, entered April 29, 1970, setting aside a jury verdict and granting a new trial, reversed, on the law and on the facts, and the verdict reinstated. Plaintiffs-appellants-respondents shall recover of defendant-respondent the City of New York $60 costs and disbursements of these appeals. The essential facts upon which the several claims and cross claims are based appear in the dissenting memorandum. We all agree that there was ample basis in the evidence adduced for the jury's finding in favor of plaintiff against the city and absolving the Transit Authority of liability to the plaintiffs on their direct claim and to the city on its cross claim. The point of departure is whether any relitigation is required with respect to the city's claim against the impleaded third-party (" MABSTOA "). The city's claim against MABSTOA was predicated on its 1962 acquisition, by condemnation, of the property of certain private bus lines and its subsequent lease (containing an indemnity clause) to MABSTOA of said properties; and the alleged affirmative negligence of MABSTOA in allowing a spout on the shack in issue to pour water on the sidewalk. The record, however, is devoid of any proof that this particular shack was actually condemned or included in the lease. The only evidence connecting MABSTOA with the shack is the testimony of a witness who saw it being used as a starters' enclosure, and a 1967 inter-office letter (the accident occurred in 1964) wherein MABSTOA, while denying knowledge as to ownership, admitted " currently maintain[ing] " it. There is no evidence that MABSTOA installed or repaired the spout or the shack. Accordingly, the jury could have concluded that in 1964 MABSTOA was merely a trespasser or squatter, but that the physical harm to plaintiff was not caused by any act done, activity carried on, or condition created by it. (See Restatement, 2d, Torts, § 381.) While there does appear to have been some confusion and inconsistency in the two verdicts brought in by the jury (first finding in favor of plaintiffs against all three defendants, but later against the city alone), its intent to hold only the city culpable seems clear from the following colloquy which occurred after the corrected verdict was returned: " THE COURT: You just find the City of New York, and so far as the other defendants are concerned, you don't find them — you find in favor of the other defendants, is that it? THE FOREMAN: Just the one defendant guilty. The other two are not considered. THE COURT: In other words, you found in favor of the other two defendants and against the City; is that it? THE FOREMAN: Yes, sir." At the request of the Corporation Counsel the jurors were then polled and each answered in the affirmative in response to the following: " THE CLERK: * * * Now, gentlemen of the jury, you say you find in favor of the plaintiffs in the sum of $35,000 against the defendant City of New York only unanimously. And that you have found in favor of the defendant New York City Transit Authority. And with regard to the third-party action by the City of New York against the Manhattan and Bronx Surface Transit Authority, that you have found in favor of the City of New York — THE COURT: Not in favor. THE CLERK: In favor of Manhattan and Bronx Surface Transit Operating Authority. Now * * * is that your verdict? " We cannot conclude that the jury was unable to grasp the applicable points of law involved by the court's charge, to which no exception was taken; and since the verdict could have been reached by a fair interpretation of the evidence, it was error to have set it aside. (*Antonik* v. *Kochansky*, 37 A D 2d 821.) Concur — Markewich, Nunez and Murphy, JJ.; Stevens, P. J., and Steuer, J., dissent in the following memorandum: This action arose out of a fall on an. icy sidewalk. Plaintiff

sued the city and the Transit Authority and the city brought a third-party action against the third-party defendant. It was plaintiff's theory, on which a prima facie case was made out, that the ice resulted from the discharge from a leader attached to a shack on the sidewalk. The ownership of the shack was not established but there was uncontradicted evidence that with the consent of the city it was being used by the third-party defendant as a shelter to protect its employees from the elements as occasion demanded, and was controlled by that defendant. The jury brought in a verdict against both defendants and apparently against the third-party defendant on the cross claim, merely stating that the verdict was against all three defendants. Under instructions that were patently insufficient and misleading, though not excepted to, the court directed the jury to consider further and clarify their verdict. Whereupon the jury practically immediately found a verdict against the city only. The court set aside the verdict as inconsistent. We agree with the majority that the verdict should be reinstated as in favor of the plaintiff against the city and exonerating the Transit Authority. But as to the cross complaint a very clear case was made out that it allowed the nuisance to remain on a structure under its control. While ordinarily this would mandate setting the verdict aside as inconsistent, it is obvious that here the inconsistency was due to the court's failure to make the situation clear; and furthermore it was not an inconsistency that affected the plaintiff's right of recovery against the defendants she sued. We believe a proper disposition would be to reinstate the verdict as against the city and in favor of the Transit Authority (against whom no liability was established) and to allow the cross complaint to be relitigated.